UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Jordan Campbell et al.,<br><br>*Defendants.* | **Protective Order**<br><br>**20 Cr. 625 (KMK)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Redactions to Disclosure Material.** Certain of the Government's disclosure material, contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

As all of the defendants want to avoid any inappropriate use of the disclosure material, the defendants consent to appropriate redactions, agreed upon by their counsel, to the copies of the disclosure material that will be provided to them. In the event that counsel for the Government and counsel for the defendants are unable to agree whether specific redactions are appropriate, the matter will be presented to the Court for resolution.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction not otherwise provided for in Paragraph 2 of the Order. It will also afford the defense prompt access to those materials, in unredacted form to counsel and in redacted form to the defendants, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.

6. The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

---

[1] This does not prohibit counsel for any defendant from using secure private web services, such as "Drop Box," to store disclosure material or sensitive disclosure material, provided that the only people with access to such services are those authorized herein to receive disclosure material or redacted disclosure material, or to transfer such material to such authorized recipients.

2

7. Disclosure material that is not redacted may be disclosed by counsel to: (a) the defendants for purposes of defending this action; (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, including consultants, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

8. Unredacted disclosure material shall be kept in the sole possession of counsel; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel employed by or retained by counsel; shall not be copied or otherwise recorded by the defendants; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

9. The Government may authorize, in writing, disclosure of disclosure material and redacted disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, redacted disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

## Disclosure and Protection of Seized ESI

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various social media accounts, cellphones, and other devices and storage media. This ESI was seized from accounts and mediums belonging to the defendants.

12. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Return or Destruction of Material

14. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any judgment of conviction in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the granting of

4

any motion made on behalf of the Government dismissing any charges in the above-captioned case; or the resolution of and final decision on any habeas proceeding, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

15. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

16. Julie de Almeida, Esq., the court-appointed Coordinating Discovery Attorney ("CDA"), may disclose, make copies of, or reveal the contents of sensitive materials to defense counsel and to employees who are assisting in the preparation and dissemination of such materials, and to third party vendors she may deem necessary to retain to process the discovery she receives, all in furtherance of fulfilling her duties and obligations under this Court's December 29, 2020 Order appointing Julie de Almeida as CDA. Julie de Almeida shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms, and she shall instruct such other persons that further disclosure is prohibited.

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____          Date:   January 5, 2021
Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys


_____          _____
Joseph A. Vita, Esq.                    Jeffrey G. Pittell, Esq.
Attorney for Jordan Campbell            Attorney for Derrick Dickey


_____          _____
Natali J.H. Todd, Esq.                  Anthony Cecutti, Esq.
Attorney for Terrance Patterson         Attorney for Johnnie Thomas


SO ORDERED:
Dated: White Plains, New York
       _____

                                        _____
                                        THE HONORABLE KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE

6

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____        Date:   January 5, 2021
Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys


1-6-2021  _____        _____
Joseph A. Vita, Esq.                              Jeffrey G. Pittell, Esq.
Attorney for Jordan Campbell                      Attorney for Derrick Dickey


_____              _____
Natali J.H. Todd, Esq.                       Anthony Cecutti, Esq.
Attorney for Terrance Patterson              Attorney for Johnnie Thomas


SO ORDERED:
Dated:  White Plains, New York
        _____

                                            _____
                                            THE HONORABLE KENNETH M. KARAS
                                            UNITED STATES DISTRICT JUDGE

6

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____  Date:  January 5, 2021
Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys

_____  _____
Joseph A. Vita, Esq.  Jeffrey G. Pittell, Esq.
Attorney for Jordan Campbell  Attorney for Derrick Dickey

_____  *Anthony Cecutti*
Natali J.H. Todd, Esq.  Anthony Cecutti, Esq.
Attorney for Terrance Patterson  Attorney for Johnnie Thomas

SO ORDERED:
Dated: White Plains, New York
       1/6/21

_____
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

6